U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License**

In the matter of:

☐ The application for license as a/an _____. filed by: _____

or

☑ License Number 3-46-103-07-2A-01620 _____ as a/an

Manufacturer of Firearms Other Than Destructive Devices _____. issued to:

Name and Address of Applicant or Licensee *(Show number, street, city, state and Zip Code)*
MAX, LLC
d/b/a Zulu Foxtrot Guns & Weaponry
601 12th Street
Suite 1
Rapid City, South Dakota 57701

Notice is Hereby Given That:

☐ A request for hearing pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5) was not timely filed. Based on the findings set forth in the attached document, your

  ☐ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

   ☐ 15 calendar days after receipt of this notice, or ☐ _____ .

  ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

  ☐ licensee is fined $ _____, payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p)

☑ After due consideration following a hearing held pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5), and on the basis of findings set out in the attached copy of the findings and conclusions, the Director or his/her designee concludes that your

  ☐ application for license described above is denied, pursuant to 18 U.S.C., 923(d).

  ☐ application for renewal of license described above is denied pursuant to 18 U.S.C. 923(d), effective:

   ☐ 15 calendar days after receipt of this notice, or ☐ _____

  ☑ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

   ☑ 15 calendar days after receipt of this notice, or ☐ _____

  ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

  ☐ licensee is fined $ _____, payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p)

If, after the hearing and receipt of these findings, you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant 18 U.S.C. § 923(f)(3), for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business. If you intend to continue operations after the effective date of this action while you pursue filing for judicial review or otherwise, you must request a stay of the action from the Director of Industry Operations (DIO), Bureau of Alcohol, Tobacco, Firearms and Explosives, at 30 E 7th St. Suite 1900, St Paul, MN 55101 _____ prior to the effective date of the action set forth above. You may not continue licensed operations unless and until a stay is granted by the DIO.

Records prescribed under 27 CFR Part 478 for the license described above shall either be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be documented to reflect delivery to a successor. See 18 U.S.C. 923(g)(4) and 27 CFR § 478.127.

After the effective date of a license denial of renewal, revocation, or suspension, you may not lawfully engage in the business of dealing in firearms. Any disposition of your firearms business inventory must comply with all applicable laws and regulations. Your local ATF office is able to assist you in understanding and implementing the options available to lawfully dispose of your firearms business inventory.

ATF Form 5300.13
Revised September 2014

*Exhibit 10*

| Date | Name and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official | Signature | |
|---|---|---|---|
| 01/13/2022 | Hans C. Hummel/ Director, Industry Operations | *signature* | Digitally signed by HANS HUMMEL<br>Date: 2022.01.13 16:33:24 -05'00' |

I certify that, on the date below, I served the above notice on the person identified below by:

☑ Certified mail to the address shown below.
Tracking Number: 7017 0530 0000 6115 2682   **Or**   ☐ Delivering a copy of the notice to the address shown below.

| Date Notice Served | Title of Person Serving Notice | Signature of Person Serving Notice |
|---|---|---|
| 1/13/2022 | Executive Assistant | (b)(6) |

| Print Name and Title of Person Served | Signature of Person Served |
|---|---|
| Max, LLC | |

Address Where Notice Served
601 12th Street, Suite 1, Rapid City, SD 57701

Note: Previous Edition is Obsolete

ATF Form 5300.13
Revised September 2014

MAX, LLC
d/b/a/ Zulu Foxtrot Guns & Weaponry
601 12th Street
Suite 1
Rapid City, South Dakota 57701
FFL# 3-46-103-07-2A-01620

Max, LLC ("Licensee"), Manufacturer of Firearms Other Than Destructive Devices, holds the Federal firearms license listed above issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) pursuant to the Gun Control Act of 1968 (GCA), as amended, 18 U.S.C. Chapter 44, and the regulations issued thereunder, 27 C.F.R. Part 478.

On February 1, 2021, ATF initiated a compliance inspection at the Licensee's premise. As a result of the inspection, ATF issued a Notice of Revocation and/or Fines of License, ATF Form 4500, on October 25, 2021 to the Licensee. By letter dated October 29, 2021, the Licensee, through responsible person Melissa Max, timely requested a hearing to review that Notice. Ms. Max indicated an intent to withdraw her request for a hearing on December 13, 2021. Responsible person, Wayne Swier contacted ATF on December 14 and expressed his intention to attend the hearing on behalf of the Licensee along with Adam Max. The hearing was conducted, as scheduled on December 15, 2021.

The hearing was held remotely via conference call. The hearing was conducted by ATF Director, Industry Operations (DIO) Hans Hummel. ATF was represented by ATF Attorney (b)(6). ATF Industry Operations Investigators (IOIs) (b)(6) (b)(6) appeared as witnesses on behalf of the Government. The Licensee was represented by Wayne Swier (manager) and Adam Max (owner). The hearing was recorded and transcribed by the Government through a court reporter service. Both sides offered testimony and exhibits. The testimony and exhibits introduced at the hearing constitute the record in this proceeding.

**Findings of Fact**

Having reviewed the record in this proceeding, I make the following findings:

At the hearing, ATF introduced documentary and testimonial evidence of an in-person qualification inspection conducted by ATF in December 2018. ATF introduced a signed Acknowledgements of Federal Firearms Regulations demonstrating that ATF had reviewed the legal requirements applicable to the Federal firearm licenses. (See ATF Ex. 7). ATF presented additional exhibits and testimony indicating that Adam Max was aware of the definition and authorities applicable to a person identified as a "responsible person" on the license.

Following the issuance of the license, a year and a half later, in 2020 the Licensee filed an Application for Amended Federal Firearms License, specifically to change the location of the licensed business premises. At this time, it came to ATF's attention that the Licensee's (b)(6) (b)(6)
(b)(6)

Max submitted the Application despite the fact that it required a certification that no responsible person on the license was prohibited from shipping, transporting in interstate or foreign commerce or possessing in or affecting commerce any firearm or ammunition. (See ATF Ex. 8). An ATF Special Agent and IOI presented Mr. Max with a letter warning him of the limitations on his ability to receive and ship firearms on July 8, 2020. (See ATF Ex. 11).

ATF had additional contact with the Licensee regarding the addition of Melissa Max as a responsible person to the Licensee in July 2020 and removal of Adam Max as a responsible person in November 2020. The application to amend the licensed business premises was approved November 25, 2020 and sent to the Licensee. In January 2021, an ATF Special Agent contacted (b)(6), (b)(7)(C) (b)(6), (b)(7)(C) (b)(6), (b)(7)(C) (See ATF Ex. 32).

On February 1, 2021, the ATF IOIs initiated a compliance inspection that continued over the course of three months. At the conclusion of the inspection, IOIs identified regulatory and statutory violations. Ten of those violations were included in the Notice of Revocation of License issued to Max, LLC. After presiding over the hearing and reviewing the record in this matter, I find that the facts as set forth in the Notice of Revocation of License for Max, LLC occurred.

Specifically:

1. Licensee willfully engaged in an activity for which it was not licensed, in violation of 18 U.S.C. § 922(a)(1)(A) and 27 C.F.R. § 478.41. This finding is based upon evidence of dealing in firearms from a premises not licensed (601 12th Street, Suite 1, Rapid City, South Dakota) and is not based upon a finding of willfully manufacturing from the unlicensed location of 4514 Steamboat Circle, Rapid City, South Dakota after November 24, 2020.
2. Licensee willfully made a false entry in receipt sale or other disposition record as required by the GCA, in violation of 18 U.S.C. § 922(m) and 27 C.F.R. § 478.121(c).
3. Licensee willfully failed to record the acquisition and disposition information for each firearm manufactured or otherwise acquired and disposed of in violation of 18 U.S.C. 923(g)(1)(A) and 27 C.F.R. § 478.123(a), (b) & (d).
4. Licensee willfully failed to document the manufacture and disposition of fully assembled firearms fo[(b)(3)-112 Pub] firearms in violation of 18 U.S.C. 923(g)(1)(A) and 27 C.F.R. § 478.123(a), (b) & (d).
5. Licensee willfully failed to maintain records of dispositions made to non-licensees/licensees as prescribed by regulation in violation of 18 U.S.C. 923(g)(1)(A) and 27 C.F.R. § 478.123 (b) & (d).
6. Licensee willfully failed to legibly identify each firearm manufactured as required by regulation in violation of 18 U.S.C. 923(i) and 27 CFR § 478.92(a)(1).
7. Licensee willfully failed to timely and accurately report the sale or other disposition of two or more pistols and/or revolvers during any five consecutive business days to an unlicensed person, in violation of 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a.

8. Licensee willfully made a false statement or representation with respect to information required by the GCA in violation of 18 U.S.C. § 922(m) and 27 C.F.R. § 478.128(c).
9. Licensee willfully made a false statement or representation in applying for/amending its Federal firearms license in violation of 18 U.S.C. § 924(a)(1)(A).
10. Licensee willfully failed to obtain a complete and/or accurate Firearms Transaction Record, ATF Form 4473, from the transferee prior to attempting to make an over-the-counter transfer of a firearm to a non-licensee, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(1).

## Conclusions of Law

Pursuant to the GCA, ATF may, after notice and opportunity for hearing, revoke a Federal firearms license if the licensee has willfully violated any provision of the GCA or the regulations issued thereunder. 18 U.S.C. § 923(e); 27 C.F.R. § 478.73.

For purposes of the regulatory provisions of the GCA, a "willful" violation is committed when the licensee knows of [his/her/its] legal obligations and purposefully disregarded or was plainly indifferent to those requirements. There is no requirement of bad purpose or evil motive. Armalite v. Lambert, 544 F.3d 644 (6th Cir. 2008), Article II Gun Shop, Inc. v. Gonzales, 441 F.3d 492 (7th Cir. 2006), Appalachian Resources Development Corporation v. McCabe, 387 F.3d 461 (6th Cir. 2004); Procaccio v. Lambert, 223 Fed. App'x. 554 (6th Cir. May 29, 2007); 3 Bridges, Inc. v. O'Neill, 216 F.Supp. 2d 655 (E.D. Ky. 2002).

It is noted that Licensee does not have an extensive compliance history with ATF and has only held a license since 2018. However, in that time, ATF was in contact with Licensee multiple times for multiple reasons, including to provide guidance and advise on lawful conduct. "[I]t is clear that a licensee may be found to have willfully violated the Gun Control Act even if he has never previously been cited for violations. See e.g., Nat'l Lending Group v. Mukasey, 2008 WL 5329888, at *8 n. 13 (D.Az. Dec. 19, 2008) (no requirement that there have been prior warnings to establish willfulness); Manuele v. Acting Director, ATF, 2008 WL 2168761, at *5 (C.D.Ill May 22, 2008); Francis v. ATF, 2006 WL 1047026, at *4 (E.D.Okla. Apr.20, 2006). Courts have consistently held that "[c]ompliance with the GCA is the licensee's responsibility. "[A] federal firearms licensee ... [has] a duty to be cognizant of the rules and regulations issued by the Bureau of Alcohol, Tobacco, and Firearms and to follow those mandates." Trader Vic's Ltd. V. O'Neill, 169 F.Supp.2d 957, 960 (N.D.Ind.2001). Therefore, a lack of repeat violations or past inspections does not negate willful misconduct.

Courts have supported the revocation of a Federal firearms license based upon the quality of the violation, not the quantity. "A single willful violation of the GCA is enough to deny a federal firearms license application or revoke a federal firearms dealer's license." Shaffer v. Holder, No. 1:09-0030, 2010 WL 1408829, at *10 (M.D. Tenn. Mar. 30, 2010) (citing Appalachian Resources Dev. Corp. v. McCabe, 387 F.3d 461, 464 (6th Cir.2004).) See also, Fairmont Cash v. James, 858 F.3d 356 (5th Cir. 2017). Also of note, a false statement is a sufficient violation for ATF to take action. Fulkerson dba Whittaker v. Sessions, 2018 WL 3726278 (6th Cir. 3/23/18.

Arguing that errors were the result of human mistakes or harmless misunderstandings of clearly documented regulatory requirements is irrelevant to the standard of willfulness. "The recordkeeping requirements imposed by the GCA are, by their very nature, highly technical. Compliance therefore requires extreme vigilance." Garner v. Lambert, 558 F.Supp.2d 794, 804 (N.D. Ohio 2008). "Improper recordkeeping is a serious violation. When the Act was enacted, Congress was concerned with the widespread traffic in firearms and with their general availability to those whose possession thereof was contrary to the public interest." Fin & Feather Sport Shop, Inc. v. U.S. Treasury Dept., 481 F.Supp. 800 (Neb. 1979). Therefore, record keeping requirements are a critical basis for the regulation of the firearms industry, and indifference to those requirements can result in revocation.

Finally, remedial efforts by a licensee presented after a Notice to Revoke has been issued do not negate the nature of the original violations. "[A]fter-the-fact efforts to correct the specific violations 'are irrelevant to the issue of willfulness at the time the errors occurred.'" Weaver v. Harris, 856 F. Supp. 2d 854, 858 (S.D. Miss.), aff'd, 486 F. App'x 503 (5th Cir. 2012) citing; Suydam v. United States Bureau of Alcohol, Tobacco, Firearms & Explosives, 847 F.Supp.2d 146, 158, No. 2:11–cv–00055–JAW, 2012 WL 589519, at *8 (D.Me. Feb. 22, 2012) (quoting Sturdy v. Bentsen, 129 F.3d 122, at *2 (8th Cir.1997) (unpublished table decision)).

For the reasons stated below, I conclude that the Licensee willfully violated law and regulations set forth in the Notice of Revocation of Licenses.

License has been purportedly under the management and control of three different people for varying time periods since it was issued; Adam Max, Melissa Max, and Wayne Swier. Adam and Melissa Max were identified as responsible persons for at least some timeframe during the inspection period of February 2020-Feburary 2021. Mr. Swier was added to the license after the inspection in November 2021. Because the license was issued to an LLC, this action and supporting analysis is based upon the admissions and conduct of all persons acting on behalf and under the authority of Max, LLC. Furthermore, despite being removed on paper as a responsible person, Adam Max continues to serve in that capacity for the reasons cited below as well as his presence at the hearing as a representative of Licensee. As such, it was a willful omission when Adam Max was falsely removed from the Application as a responsible person.

To that end, the record is rife with evidence of willful violations and admissions to those violations. ATF established Licensee's knowledge of the legal requirements by citing to a thorough qualification inspection. Additionally, the IOIs' testimony provided examples of Licensee's admissions to knowledge and demonstration of knowledge through past compliant conduct. At the hearing, those representing Licensee admitted to conduct such as operating from a unlicensed location, documenting false information on required forms (Tr. 97), as well as failure to keep the most basic required records such as the A&D book (Tr. 104-105) and Multiple Sales Reports (Tr. 134). For violations that were not related to records, such as failing to mark manufactured firearms and making false statements, no justification was provided and the non-complaint conduct was also admitted to. (Tr 129, 144, 160). There can be no doubt that License was aware of its obligation to mark firearms (Tr. 25) and no doubt that it was aware of a legal obligation to be truthful. Licensee claimed that once these violations were brought to its attention it then remedied the situation. However, based upon the witness statements and totality

of the circumstances it appears more likely that once Licensee was caught violating the legal requirements then and only then did it take action to cease the non-compliant conduct. Because of the very nature of these violations, the thorough qualification inspection in 2018, the demonstrated past compliant conduct and admissions by Licensee's representatives, the record establishes that all violations were willfully committed.

Despite Mr. Swier's assertions that the Licensee's struggles are in the past and corrective actions will be implemented, the fact is that the Licensee's de facto owner and unnamed responsible person (b)(6) still serving as a responsible person by managing the policies and practices of the firearms business. The Licensee has blamed employees and being very busy for far too many errors (Tr. 57, 75, 105, 114); neither of these excuses negate the plain indifference that Licensee demonstrated on too many occasions during the first 2 years of operation.

As such, I conclude that t Licensee willfully violated the provisions of the GCA and the regulations issued thereunder. Accordingly, as provided by 18 U.S.C. § 923(e) and 27 C.F.R. § 478.73, the Federal firearms license held by Max, LLC hereby REVOKED.