IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| MOREHOUSE ENTERPRISES, LLC d/b/a BRIDGE CITY ORDNANCE, GUN OWNERS OF AMERICA, INC., and GUN OWNERS FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN M. DETTELBACH in his official capacity as THE DIRECTOR OF ATF, and HANS HUMMEL, in his official capacity as THE DIRECTOR OF INDUSTRY OPERATIONS FOR THE SAINT PAUL FIELD DIVISION OF THE ATF,<br><br>Defendants. | Case No. 3:23-cv-00129-PDW-ARS |

**PLAINTIFFS' MOTION FOR PRELIMINARY AND/OR PERMANENT INJUNCTION**

Come now, Plaintiffs, by and through counsel, and hereby request, pursuant to Fed. R. Civ. P. 65(a), that this Court issue a Preliminary and/or Permanent Injunction enjoining Defendants from further implementing or enforcing a Department of Justice ("DOJ") "zero tolerance" policy implemented in the ATF Administrative Action Policy ("AAP"), the internal ATF document that states its purpose as to "provide[] fair and consistent guidelines for administrative remedies for violations disclosed relative to inspections of Federal firearm licensees (FFLs)."

Unless enjoined, Plaintiffs will be irreparably harmed, as explained in Plaintiffs' contemporaneously filed Memorandum in Support. Plaintiffs are likely to succeed in establishing that Defendants have violated, *inter alia*, the Administrative Procedures Act in implementing the

new "zero tolerance" policy, which is in excess of ATF's statutory authority, in direct and open defiance of statutory text, and additionally that the APA violates the Second Amendment to the United States Constitution.

This Court should issue a preliminary injunction to preserve the status quo pending a resolution of this matter on the merits. As explained at greater length in the accompanying Memorandum, the balance of equities and the public interest favor granting an injunction. Because a preliminary injunction presents no monetary risk to Defendants, Plaintiffs request that the bond be set at $1 or altogether waived. Fed. R. Civ. P. 65(c).

Plaintiffs request that the Court issue an Order enjoining Defendants' current enforcement of this new Administrative Action Policy until such time as the Court can rule on the merits of Plaintiffs' Complaint for Declaratory and Injunctive Relief. Plaintiffs additionally request oral argument on their Motion.

Upon filing this Motion and accompanying Memorandum in Support, Plaintiffs caused to be delivered a true and correct copy to the individuals on the Certificate of Service.

Respectfully submitted, this the 4th of August, 2023.

*/s/ Robert J. Olson*
Robert J. Olson (VA # 82488)
William J. Olson, PC
370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (T)
703-356-5085 (F)
wjo@mindspring.com

Stephen D. Stamboulieh (MS # 102784)
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us

John I. Harris III (TN # 12099)
Schulman, LeRoy & Bennett PC
3310 West End Avenue, Suite 460
Nashville, Tennessee 37203
(615) 244 6670 Ext. 111
Fax (615) 254-5407
jharris@slblawfirm.com

**CERTIFICATE OF SERVICE**

I Stephen D. Stamboulieh, hereby certify that I have on this day, caused the foregoing document or pleading to be mailed by United States Postal Service first-class mail, postage pre-paid, and by electronic mail, to the following non-ECF participants who has confirmed that they represent the above-named defendants in this action:

Michael Drezner
Taylor Pitz
Federal Programs Branch, Civil Division
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
Work: 202.514.4505
Michael.L.Drezner@usdoj.gov
Taylor.n.pitz@usdoj.gov


Dated: August 4, 2023.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh