IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| MOREHOUSE ENTERPRISES LLC d/b/a BRIDGE CITY ORDNANCE., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*, <br><br> *Defendants*. | No. 3:23-cv-00129-PDW-ARS |

## DEFENDANTS' MOTION FOR EXTENSION OF TIME

Defendants respectfully move for an extension of time to respond to Plaintiffs' motion for a preliminary injunction, until September 8, 2023. ECF No. 15. In support of this Motion, Defendants state the following:

1. Plaintiffs' recent motion for a preliminary injunction seeks in part to enjoin ATF from revoking Plaintiff Morehouse Enterprises' ("BCO") Federal Firearms Licenses, which are required to manufacture and sell firearms. *See* ECF No. 15-1 at 25. However, ATF has not made a final determination as to the revocation of these licenses and will not do so until after an administrative hearing is held with BCO on August 16, 2023, the date agreed upon by the parties.

2. Given the time needed to receive a transcript of the hearing, and to make a final determination, ATF will issue its decision as to BCO's licenses no sooner than September 1. While it is entirely speculative to predict the outcome of the hearing, even if a final revocation is issued ATF can represent that such revocation would be effective no sooner than 15 days from BCO's receipt of the revocation notice. In other words, any license revocation here would be effective, at the earliest, on September 15.

1

3. Plaintiffs filed their motion for a preliminary injunction on Friday, August 4, and Defendants' response is currently due on August 18. This deadline comes well in advance of ATF's anticipated date to issue a final revocation decision. Accordingly, absent an extension, Defendants will be forced to respond to Plaintiffs' motion for preliminary relief before a final decision is made as to revocation. It is not an efficient use of the resources of the parties and the Court to adjudicate a motion for preliminary relief shortly before the issuance of an administrative decision that will have significant implications for the motion and Plaintiffs' entire action.

4. For instance, whether ATF decides to revoke BCO's licenses will plainly affect Plaintiffs' claims of standing and irreparable injury.[1] *See* ECF No. 15-1 at 22, 23 (alleging that "enforcement" against BCO would cause them to "go out of business"). And contrary to the allegations in Plaintiffs' Complaint, revocation of BCO's licenses following a hearing is not "inevitable." Compl. ¶ 220. Rather, as Defendants previously explained to Plaintiffs via letter, since 2021 a majority of ATF hearings following an initial notice of revocation resulted in a final determination *not* to revoke the license at issue.

5. Plaintiffs will not suffer any prejudice from this short extension. As noted above, any final revocation would take effect no sooner than 15 days following receipt of the decision by BCO (September 15, 2023 at the earliest), or a week after Defendants' requested response deadline.

6. Moreover, any inconvenience to Plaintiffs in scheduling is the result of their own voluntary litigation choices. As Plaintiffs concede, ATF issued initial notices of revocation to BCO

---

[1] While Plaintiffs have framed their motion for a preliminary injunction in part as one challenging ATF's general purported enforcement policy, BCO's pending revocation proceeding is the apparent impetus behind Plaintiffs' lawsuit, and the basis of much of Plaintiffs' claims of standing and irreparable injury. *See, e.g.,* Compl. ¶¶ 147-212 (describing inspection and notices pertaining to BCO); *id.* ¶¶ 223-237 (discussing BCO's potential hearing officer); *id.* ¶ 238 (alleging that "[i]f . . . BCO's FFLs are revoked, BCO will be unable to manufacture or sell firearms"); *id.* ¶ 248 ("[W]ere BCO's licenses revoked, this member . . . would have to expend significant additional resources . . . in order to acquire constitutionally protected arms.").

on May 23, 2023.  Compl. ¶¶ 7, 162.  Plaintiffs then waited over a month, until July 11, 2023, to file the instant suit, ECF No. 1.  Plaintiffs waited nearly a month more, until August 4, 2023, to file a motion for preliminary injunction.  ECF No. 15.  Moreover, the parties previously agreed upon an administrative hearing date of July 12, 2023, but the hearing was delayed and rescheduled upon request of Plaintiffs' counsel.  In sum, where Plaintiffs have voluntarily delayed in seeking any preliminary relief, and requested a delayed administrative hearing date, they cannot fairly complain about the impact of their administrative hearing on the briefing schedule for their motion.

7. Defendants conferred with Plaintiffs, through counsel, and Plaintiffs oppose the extension requested.  However, Plaintiffs do not oppose "ATF requesting an opportunity to file a short supplement to its response by a specific date so long as ATF agrees that we would have 7 business days to file a supplemental reply."

8. As Plaintiffs' position indicates, there is no urgent need to conclude briefing, or indeed any need for the Court to rule without considering ATF's decision following the administrative hearing with BCO.  For this reason, and those set forth above, Defendants respectfully request an extension of time to respond to Plaintiffs' motion for a preliminary injunction, so that Defendants' opposition will be due on or before September 8, 2023.

Dated: August 10, 2023    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Michael Drezner*
MICHAEL DREZNER (VA Bar No. 83836)
TAYLOR PITZ (CA Bar No. 332080)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-4505
Email: Michael.L.Drezner@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

On August 10, 2023, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, District of North Dakota, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                               */s/ Michael Drezner*
                                               MICHAEL DREZNER
                                               Trial Attorney
                                               U.S. Department of Justice