IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| MOREHOUSE ENTERPRISES, LLC <br> d/b/a BRIDGE CITY ORDNANCE, GUN <br> OWNERS OF AMERICA, INC., <br> and GUN OWNERS FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, <br> FIREARMS AND EXPLOSIVES; UNITED <br> STATES DEPARTMENT OF JUSTICE; <br> STEVEN M. DETTELBACH in his official <br> capacity as THE DIRECTOR OF ATF, and HANS <br> HUMMEL, in his official capacity as <br> THE DIRECTOR OF INDUSTRY OPERATIONS <br> FOR THE SAINT PAUL FIELD DIVISION OF <br> THE ATF, <br><br> Defendants. | Case No. 3:23-cv-00129-PDW-ARS |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME**

Plaintiffs oppose Defendants' request (ECF #20) for an extension of time in which to file their responsive brief for the following reasons.

ATF's first claim is that Plaintiffs' motion "in part" asks the Court to "enjoin ATF from revoking" Morehouse's federal firearms licenses ("FFL"). ECF No. 20 at 1. ATF demurs that "ATF has not yet made a final determination as to the revocation of these licenses...." *Id.* The statement is accurate but irrelevant. Plaintiffs expressly *did not challenge* any inevitable, likely, possible, or unlikely (however ATF would like to characterize it) revocation of the Morehouse FFLs. ECF No. 1 at ¶216. Rather, Plaintiffs challenge the underlying framework and process –

1

the Administrative Action Policy – that led ATF to issue the Morehouse Notice of Revocation in the first place. *Id.* at ¶1, 217. If, as Plaintiffs claim, the framework and process that led ATF to initiate revocation proceedings was legally and constitutionally flawed, then ATF *cannot revoke* the Morehouse licenses *as a matter of law* – regardless of what ATF ultimately decides to do after a revocation hearing. The existing circumstances involving Morehouse are tangible evidence of ATF's present use and reliance on the challenged agency action in adopting an unconstitutional policy.

As Plaintiffs noted in their Complaint, the Supreme Court has made clear that "parties need not await enforcement proceedings before challenging final agency action where such proceedings carry the risk of 'serious criminal and civil penalties.'" *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 600 (2016); *see also Sackett v. EPA*, 566 U.S. 120, 127 (2012) (plaintiff need not "wait for the Agency to drop the hammer"). For that reason, it is a straw man for ATF to claim that "Defendants will be forced to respond to Plaintiffs' motion for preliminary relief before a final decision is made as to revocation." ECF No. 20 at 2. Again, Plaintiffs did not challenge the yet to be decided outcome of the revocation hearing in this proceeding, and Defendants need not address it in their response.

Second, ATF erroneously claims that the manner in which it resolves the Morehouse revocation proceedings "will plainly affect Plaintiffs' claims of standing and irreparable injury." *Id.* at 2. Neither claim is true. First, even assuming that ATF were to let Morehouse keep its licenses now, as Plaintiffs' Complaint notes, in other instances ATF has *purported to resolve* administrative compliance inspections of FFLs, *only to reopen the case* months or even over a year later, imposing new and more onerous penalties in a matter that the FFL believed had been already finally resolved. ECF No. 1 at ¶¶77-78. Second and more problematically, even if a hearing is

resolved in Morehouse's favor, Morehouse is *still subject to* the "zero tolerance" policy that is being challenged in this case. So too are the thousands of FFLs across the country represented by the organizational Plaintiffs, who every day undergo ATF compliance inspections and are subject to the application of ATF's new "zero tolerance" policy in that process. Third, Morehouse has already suffered harmful consequences as a direct result of the challenged "zero tolerance" policy because it is that policy which proximately resulted in the ATF's notice of revocation and which has caused Morehouse to ask for and engage counsel for representation in the § 923(f)(2) agency hearing. ECF 1 ¶162; ECF 1-1; It is simply not the case that "Plaintiffs will not suffer any prejudice from this short extension." ECF No. 20 at 2. Every day that passes, ATF is further arbitrarily and capriciously implementing and enforcing its unlawful and unconstitutional "zero tolerance" policy.

Third, ATF by its choice of words impliedly admits that its own position is flawed. For example, ATF claims that Plaintiffs' injunction "in part" seeks an injunction against revocation of Morehouse's licenses, and that "much of" Plaintiffs' standing and irreparable harm claims are allegedly tied to the Morehouse administrative revocation proceedings. *Id.* at 1-2. For the reasons above, Plaintiffs disagree with this assessment. But even so, ATF's qualifying terminology impliedly concedes that, "in part," Plaintiffs' motion seeks remedies *not tied* to administrative revocation, and that "some of" Plaintiffs' standing and harm claims *do not depend* on the Morehouse administrative proceedings.

Finally, ATF claims that its request should be granted because it believes "Plaintiffs have voluntarily delayed in seeking preliminary relief...." *Id.* at 3. But this is a non sequitur. ATF's objection to the deadline for its responsive brief is not based on its inability to prepare briefing in time, but rather its desire to await events that have not yet occurred (the Morehouse revocation hearing) and the result of which Plaintiffs do not challenge in their Complaint. Thus, it makes

absolutely no difference whether Plaintiffs' motion for preliminary injunction was filed today, last week, or six months ago – ATF would still claim that it should not be required to respond until after it conducts a collateral administrative hearing on August 16, 2023, and that it needs until September 8, 2023, approximately three weeks after that, to respond.[1]

## CONCLUSION

For the reasons stated, due to the important statutory and constitutional questions presented, and the serious and ongoing irreparable harm being suffered by Plaintiffs and their members and supporters, this Court should deny Defendants' Motion for Extension of Time.

Respectfully submitted, this the 10th day of August, 2023,

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh (MS # 102784)
Stambouliech Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

Robert J. Olson (VA # 82488)
William J. Olson, PC
370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (T)
703-356-5085 (F)
wjo@mindspring.com

John I. Harris III (TN # 12099)
Schulman, LeRoy & Bennett PC
3310 West End Avenue, Suite 460
Nashville, TN 37203
(615) 244 6670 Ext. 111
Fax (615) 254-5407
jharris@slblawfirm.com

---

[1] ATF's claims as to Plaintiffs' purported delay are inaccurate. ATF claims that "the parties previously agreed upon an administrative hearing date of July 12, 2023...." ECF No. 20 at 3. No such thing occurred. Rather, after Morehouse responded to ATF's Notice of Revocation on June 5, 2023, seeking a hearing, ATF *unilaterally set* July 13, 2023 (not July 12) as the hearing date, through notice in a letter to Morehouse (not undersigned counsel) dated June 6, 2023, without any prior notice or agreement. After undersigned counsel was retained (weeks later), counsel communicated with ATF to schedule a date that avoided existing conflicts and that was mutually agreeable to fit busy schedules.

5

**CERTIFICATE OF SERVICE**

I Stephen D. Stamboulieh, hereby certify that I have on this day, caused the foregoing document or pleading to be filed with this Court's CM/ECF system, which caused a notice of the filing and a true and correct copy of the same to be delivered to all counsel of record.

Dated: August 10, 2023.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
