IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| MOREHOUSE ENTERPRISES, LLC d/b/a BRIDGE CITY ORDNANCE, GUN OWNERS OF AMERICA, INC., and GUN OWNERS FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN M. DETTELBACH in his official capacity as THE DIRECTOR OF ATF, and HANS HUMMEL, in his official capacity as THE DIRECTOR OF INDUSTRY OPERATIONS FOR THE SAINT PAUL FIELD DIVISION OF THE ATF,<br><br>Defendants. | Case No. 3:23-cv-00129-PDW-ARS |

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs recently became aware of a decision by the U.S. District Court for the Western District of Kentucky, granting a preliminary injunction against an ATF revocation of an FFL. *Paducah Shooters Supply, Inc. v. Rogers*, 2023 U.S. Dist. LEXIS 160367 (W.D. Ky. Aug. 12, 2023).

There, the court explained that at least part of the basis for the revocation in that case was ATF's "new 'zero tolerance' approach to violations," which was flawed in that it "rests on the crucial but conclusory finding that each time Shooters Supply violated a regulation, it did so willfully." *Id.* at *5 n.1 and *3. The court rejected the concept from the "zero tolerance" policy that "the mere fact of violations" establishes willfulness, absent any evidence "whether those

1

violations were willful or negligent." *Id.* \*15.  Similarly, the court rejected ATF's claim that past violations or knowledge of the law *alone* are sufficient to infer willfulness.  *Id.* \*13, \*18; cf. ECF #1 ¶¶106-109, 114.

The Kentucky court also rejected ATF's claim, also made here, that its personnel retain control over the revocation process (ECF #34 at 22), finding instead that, under "zero tolerance," "[e]ven for a single violation, less severe sanctions became unavailable to agents absent 'extraordinary circumstances.'" *Id.*

Finding that the plaintiff in that case had clearly established irreparable harm, the court noted that an FFL facing the prospect of revocation its license results in a situation where it "may no longer lawfully sell guns," which "will cost [] not only sales, but also ... critical ... goodwill," along with "irrecoverable profits."  *Id.* \*20-21.  Then, finding that the balance of equities favored the gun store, the court noted that there was no evidence the store was currently violating the law, or that there was any "risk of violence or criminal activity that ... ongoing activity would create."  *Id.* at \*21-22.  Lastly, the Court explained that a preliminary injunction was appropriate "to *vindicate the rights* not *only of the store, but also its customers* and employees...." *Id.* at \*23 (emphasis added).

          Respectfully submitted, this the 28th of September, 2023.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh (MS # 102784)
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us

Robert J. Olson (VA # 82488)
William J. Olson, PC
370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (T)
703-356-5085 (F)
wjo@mindspring.com

John I. Harris III (TN # 12099)
Schulman, LeRoy & Bennett PC
3310 West End Avenue, Suite 460
Nashville, Tennessee 37203
(615) 244 6670 Ext. 111
Fax (615) 254-5407
jharris@slblawfirm.com

**CERTIFICATE OF SERVICE**

    I Stephen D. Stamboulieh, hereby certify that I have on this day, caused the foregoing document or pleading to be filed with the Court's CM/ECF system, which generated a notice of electronic filing and delivered a true and correct copy of the foregoing to all counsel of record.

    Dated: September 28, 2023.

                                                */s/ Stephen D. Stamboulieh*
                                                Stephen D. Stamboulieh