IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| MOREHOUSE ENTERPRISES, LLC<br>d/b/a BRIDGE CITY ORDNANCE, GUN<br>OWNERS OF AMERICA, INC.,<br>and GUN OWNERS FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES; UNITED<br>STATES DEPARTMENT OF JUSTICE;<br>STEVEN M. DETTELBACH in his official<br>capacity as THE DIRECTOR OF ATF, and HANS<br>HUMMEL, in his official capacity as<br>THE DIRECTOR OF INDUSTRY OPERATIONS<br>FOR THE SAINT PAUL FIELD DIVISION OF<br>THE ATF,<br><br>Defendants. | Case No. 3:23-cv-00129-PDW-ARS |

**PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT A SUPPLEMENTAL
DECLARATION, AND FOR EXTENSION OF TIME TO RESPOND
TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs move this Court pursuant to Civil Rule 7.1(C), and for good cause shown, for leave to submit a supplemental declaration and for an extension of time to respond to Defendants' Motion to Dismiss, and in support state as follows:

1. Defendants filed a Motion to Dismiss Plaintiffs' Complaint, ECF No. 55, on March 7, 2024 ("MTD"). In it, Defendants challenge the justiciability of Plaintiffs' claims by, *inter alia*, arguing that Plaintiffs lack standing and that the case is now moot as a result of actions by the Defendants which occurred after filing of the Complaint.

2. In making these arguments, Defendants requested that this Court judicially notice "various

ATF documents referenced throughout th[eir] brief," all of which materials were beyond the scope of the facts alleged in the Complaint (MTD p. 2 n.1), including Defendants' own statistics and FFL revocation documentation from 2021 and 2022 (MTD p. 8).

3. Defendants further contested Plaintiffs' injury-in-fact and organizational Plaintiffs GOA and GOF's representational standing based on injuries to unnamed members and supporters. MTD pp. 8-11.

4. In order to properly address these justiciability arguments, Plaintiffs seek leave to file a supplemental declaration accompanying their Response which will address and elaborate upon facts already pled but which Defendants have now placed at issue.

5. For example, Plaintiffs have alleged that Plaintiffs GOA and GOF's "members and supporters, like Plaintiff BCO, have been, are being, and will be subjected to and irreparably harmed by the 'zero tolerance' policy challenged here." Compl. ¶13. In their MTD, Defendants seek "the names of these FFLs, where they are located, [and] what violations they allegedly committed." MTD p. 11. Erich Pratt, the Senior Vice President of Plaintiffs GOA and GOF, can identify some of these members and supporters with specificity.

6. Moreover, when Plaintiffs filed their Complaint, Plaintiff Morehouse Enterprises' administrative license revocation proceeding was pending. Naturally, Plaintiffs did not anticipatorily make mootness arguments in their Complaint based on the potential results of administrative hearings scheduled in the future. Now that Defendants have created a mootness challenge, raised in their MTD, by their subsequent voluntary decision not to revoke Morehouse's federal firearms licenses. Plaintiffs seek to submit a supplemental declaration addressing this change in circumstances, and whether such changes truly render the issue moot.

7. In summary, Defendants have opened the door to justiciability issues which reasonably

necessitate further factual development on the same topics for purposes of responding to the Defendants' MTD.  And because Defendants presented additional alleged facts in their Motion to Dismiss that are outside the scope of the Complaint, Plaintiffs request the same opportunity to present additional evidence in rebuttal to Defendants' assertions.  Moreover, this Court should grant Plaintiffs' instant Motion for several additional reasons.

8. First, "[a] district court has broad discretion to admit or exclude evidence…" *Nicks v. Missouri*, 67 F.3d 699, 702 (8th Cir. 1995).  Plaintiffs submit that a supplemental declaration will provide the Court with the information it needs to properly resolve the Motion to Dismiss.

9. Second, courts within this circuit generally permit the use of supplemental declarations in support of jurisdictional briefing.  *See, e.g., Enter. Rent-A-Car Co. v. U-Haul Int'l*, 327 F. Supp. 2d 1032, 1040 (E.D. Mo. 2004); *B.S. v. Forest Labs., Inc.*, 2015 U.S. Dist. LEXIS 55242, at *5-6 n.1 (W.D. Mo. 2015); *Owner-Operator Indep. Drivers Ass'n v. DOT*, 831 F.3d 961, 968 (8th Cir. 2016).  Courts in other circuits are in accord. *See Rifle v. City of Glendale*, 644 F. Supp. 3d 610, 616 (C.D. Cal. 2022) (allowing declarations after defendants challenged plaintiffs' standing in an opposition); *McCann v. George W. Newman Irrevocable Tr.*, 458 F.3d 281, 290 (3d Cir. 2006) ("If a defendant contests any of the jurisdictional allegations as pled by the plaintiff, the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence.").

10. Third, submission of declarations accompanying Plaintiffs' Response to Defendants' Motion to Dismiss would be the most efficient use of the parties' and this Court's time and resources, as compared to amending the Complaint, which generally would only direct attention to the same supplemental declaration Plaintiffs seek to file here.

11. And fourth, no prejudice to Defendants would result, as the opportunity to respond via

reply brief would remain, and Plaintiffs would not object to allowing Defendants sufficient extra words to make the rebuttal arguments they deem appropriate.

12. Finally, Plaintiffs request additional time to file their response brief. Plaintiffs note a deficiency in the availability of the public FFL revocation data on which Defendants rely, purporting to have relied on data from 2023 but not actually publishing the data publicly. *See* MTD 8. Specifically, Defendants have stopped producing revocation documents on ATF's website, and Defendants' published data only covers revocations from 2021 and 2022. These documents are relevant to the harms suffered by Plaintiffs GOA and GOF's members and supporters. Indeed, numerous GOA members already have had their licenses revoked under the challenged policy, and others are pending revocation proceedings. These documents are also relevant to rebut claims in Defendants' Motion to Dismiss with respect to how administrative revocation proceedings are conducted, and the results of the same.

13. Plaintiffs have requested production of these revocation documents from ATF from 2023 and 2024, and are awaiting a response from Defendants. In order to allow Defendants to produce the documents, Plaintiffs request an extension of time to file their Response to Defendants' Motion to Dismiss.

14. Accordingly, Plaintiffs request that their Response to Defendants' Motion to Dismiss not be due until <u>14 days after</u> Defendants (1) produce the requested 2023 and 2024 revocation documentation or (2) respond that Defendants will not produce such documentation.

15. Counsel for Plaintiffs conferred with counsel for Defendants who stated their opposition to the relief requested in this Motion.

Respectfully submitted, this the 11th day of April, 2024.

| | |
|---|---|
| /s/ Stephen D. Stambouliah | Robert J. Olson (VA # 82488) |
| Stephen D. Stambouliah (MS # 102784) | William J. Olson, PC |

Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (T)
703-356-5085 (F)
wjo@mindspring.com

John I. Harris III (TN # 12099)
Schulman, LeRoy & Bennett PC
3310 West End Avenue, Suite 460
Nashville, Tennessee 37203
(615) 244 6670 Ext. 111
Fax (615) 254-5407
jharris@slblawfirm.com

5

## CERTIFICATE OF SERVICE

I, Stephen D. Stamboulieh, hereby certify that I have on this day caused the foregoing document or pleading to be filed with the Court's CM/ECF system, which generated a notice of electronic filing and delivered a true and correct copy of the foregoing to all counsel of record.

Dated: April 11, 2024.

/s/ Stephen D. Stamboulieh
Stephen D. Stamboulieh
