# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Morehouse Enterprises, LLC, d/b/a Bridge City Ordnance; Gun Owners of America, Inc.; and Gun Owners Foundation, <br><br> Plaintiffs, <br><br> vs. <br><br> Bureau of Alcohol, Tobacco, Firearms, and Explosives; U.S. Department of Justice; Steven M. Dettelbach, in his Official Capacity as the Director of ATF; Hans Hummel, in his Official Capacity as the Director of Industry and Operations for the Saint Paul Field Division of the ATF, <br><br> Defendants. | Case No. 3:23-cv-129 <br><br> **ORDER** |

Plaintiff Morehouse Enterprises is a North Dakota limited liability company holding federal firearms retail and manufacturing licenses. Plaintiff Gun Owners of America, Inc. (GOA) is a non-profit membership organization formed to "preserve and defend the Second Amendment rights of gun owners." (Doc. 1, p. 3). Plaintiff Gun Owners Foundation (GOF) is a non-profit "legal defense and educational foundation" supported by gun owners. Id. Plaintiffs challenge a Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) "zero tolerance" enforcement policy for revocation of federal firearms licenses for first-time violations of the Gun Control Act.

In denying plaintiffs' motion for a preliminary injunction, the presiding district judge noted plaintiffs would need to "traverse through a thicket of justiciability issues on their way to a successful claim," (Doc. 49, p. 21), including questions of standing,

mootness, and whether the challenged ATF policy is a final agency action subject to judicial review.

Subsequent to denial of plaintiffs' motion for a preliminary injunction, defendants moved to dismiss, raising issues of justiciability and failure to state a claim. (Doc. 55). Plaintiffs moved for an extension of time to respond to the motion to dismiss and for leave to file a supplemental declaration. (Doc. 58). Defendants oppose plaintiffs' requested extension and plaintiffs' request to file a supplemental declaration. (Doc. 60).[1]

The motion to dismiss is based, in part, on assertions of lack of standing. Plaintiffs contend a supplemental declaration would "address and elaborate upon facts" that were put in issue in the motion to dismiss. (Doc. 58, p. 2). The motion to dismiss also contends plaintiff Morehouse's claims are moot because its federal firearms licenses are no longer subject to any revocation proceeding; plaintiffs assert a supplemental declaration would address whether that change in circumstances would "truly render the issue moot." Id. As to their requested extension of time to respond to the motion to dismiss, plaintiffs ask that they be allowed fourteen days after defendants either produce certain requested documents or state that the requested documents will not be produced. Id. at 4.

In opposing plaintiffs' motion for extension and supplementation, defendants recognize plaintiffs "may wish to address the relevant changes in circumstances . . . but Plaintiffs must do so through amendment of their complaint, rather than the submission of supplemental declarations." (Doc. 60, p. 2). Defendants assert they would be entitled to address any supplementation of plaintiffs' claims and jurisdictional arguments in a

---

[1] Defendants consented to plaintiffs' first request for an extension of time to respond to the motion to dismiss. (Doc. 56; Doc. 57).

responsive pleading, but an amended complaint would "facilitate a cleaner, more efficient presentation of the issues" than would supplementation. Id. As to plaintiffs' desire for production of additional documents, defendants contend plaintiffs could obtain those documents directly from members of the plaintiff organizations. Id.

In reply, plaintiffs state their supplemental declaration would raise no new claims or new bases for jurisdiction. Rather, they contend they desire only to rebut claims defendants raised in their motion to dismiss by further elaborating on facts pled in the complaint. And plaintiffs have no objection to defendants being allowed to respond to a supplemental declaration. As to their request for additional documents, plaintiffs argue they would need to contact thousands of members of GOA to obtain documents that defendants have "at their fingertips." (Doc. 61, p. 2).

Having considered the parties' briefs supporting and opposing the motion for an extension and for supplementation, and having also considered other documents in the record, the court orders the motion for an extension is **GRANTED IN PART** and **DENIED IN PART** and the motion for supplementation is **GRANTED**:

1.     Plaintiffs may file a supplemental declaration **within ten days of today's date**, limited to the matters described in their filings regarding their motion for an extension and supplementation.

2.     **Within three days of today's** date, counsel are directed to confer, by phone or in person, as required by Civil Local Rule 37.1, regarding plaintiffs' request for production of additional documents. If counsel are not able to resolve that issue, they are directed to contact NDD_J-Senechal@ndd.uscourts.gov **no later than April 29, 2024**, to schedule a conference with the court pursuant to Rule 37.1.

3. Plaintiffs' time to respond to defendants' motion to dismiss is extended to **May 6, 2024**.

4. Defendants' reply to plaintiffs' response is due within the time allowed by Civil Local Rule 7.1(B).

**IT IS SO ORDERED**.

Dated this 23rd day of April, 2024.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge